# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 29897553
Date Processed: 09/17/2024

| | |
|---|---|
| **Primary Contact:** | Tonya Edwards<br>Capital One Services - Business License<br>15000 Capital One Dr<br>Richmond, VA 23238-1119 |
| **Entity:** | Capital One, National Association<br>Entity ID Number 2431664 |
| **Entity Served:** | Capital One, N.A. |
| **Title of Action:** | Erica Salgado vs. Capital One, N.A., |
| **Matter Name/ID:** | Erica Salgado vs. Capital One, N.A., (16261499) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Kings County Supreme Court, NY |
| **Case/Reference No:** | 524341/2024 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 09/17/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| **Sender Information:** | Paul Camarena<br>312-493-7494 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FILED: KINGS COUNTY CLERK 09/10/2024 12:40 PM
NYSCEF DOC. NO. 1

INDEX NO. 524341/2024
RECEIVED NYSCEF: 09/10/2024

**SUPREME COURT**
**OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| *ERICA SALGADO,* <br> Plaintiff, <br><br> v. <br><br> *CAPITAL ONE, N.A.,* <br> *EQUIFAX INFORMATION SERVICES L.L.C.,* <br> *EXPERIAN INFORMATION SOLUTIONS, INC.,* <br> *and TRANSUNION INTERACTIVE, INC.,* <br> Defendants. | Index Number _____ <br><br> *Summons* <br><br> Date Index Number Purchased: <u>September 10, 2024</u> |

To the above named Defendants:

Capital One, N.A.
c/o Registered Agent Corp. Serv. Co.
100 Shockoe Slip Fl 2
Richmond, VA, 23219

| | | |
|---|---|---|
| Equifax Information Services L.L.C. | Experian Information Solutions, Inc. | TransUnion Interactive, Inc. |
| c/o registered agent Corporation Ser. Co. | c/o registered agent CT Corp. Sys. | c/o registered agent Corp.Serv. Co. |
| 80 State Street | 28 Liberty Street, Floor 42 | 80 State Street |
| Albany, NY 12207 | New York, NY 10005 | Albany, NY 12207 |

  You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  The basis of venue is <u>Civil Practice Law & Rules Section 503(c),</u> which <u>is the county designed by Plaintiff when Plaintiff does not reside in NY and Defendants do not have their principal office in NY</u>.

Dated: <u>September 10, 2024</u>

       Paúl Camarena, Esq.
       by: *Paúl Camarena*
       Paúl Camarena, Esq.
       26 Court St., No. 409
       Brooklyn, NY 11242
       (312) 493-7494
       paulcamarena@paulcamarena.com
       NY Atty No: 3991981

IN THE SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| *ERICA SALGADO*, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| *CAPITAL ONE, N.A.,* <br> *EQUIFAX INFORMATION SERVICES L.L.C.,* <br> *EXPERIAN INFORMATION SOLUTIONS, INC.,* <br> *and TRANSUNION INTERACTIVE, INC.,* <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Erica Salgado, by her counsel Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The United States Fair Credit Reporting Act and its progeny provide that, when a consumer disputes information that a furnisher of credit information is reporting to a consumer reporting agency, the furnisher must reasonably investigate that information and the consumer reporting agency must reasonably re-investigate that same information. In the instant case, Plaintiff Ms. Salgado repeatedly disputed information reported by Furnishers Capital One and Sunrise Credit Services to Consumer Reporting Agencies Equifax, Experian, and TransUnion. However, the Furnishers repeatedly failed to reasonably investigate their own reported information, and the Consumer Reporting Agencies also repeatedly failed to reasonably re-investigate that same information.

2)  The Furnishers' reported information about Ms. Salgado was false, and the Defendant CRAs included that false information on their reports. Nevertheless, regardless of whether any Defendant's information was false, each Defendant's failure to reasonably investigate or re-investigate was *per se* a violation of the U.S. Fair Credit Reporting Act. *Spokeo v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1550 (2016) ("On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, [ a] **violation of one of the FCRA's procedural requirements may result in no harm**. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate.") (emphasis added) (dismissing FCRA claim because the FCRA violation did not result in any harm or a case or controversy as required by Article III of the U.S. Constitution). Moreover, "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish*, 490 U.S. 605, 617 (1989).

## Constitutional and Statutory Jurisdiction.

3)  The Fair Credit Reporting Act, at 15 U.S.C. §§ 1681n and o, states that "[a]ny person who is negligent in failing to comply" or "who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." The F.C.R.A., at 15 U.S.C. § 1681p, further states that an "action to enforce any liability created under this subchapter may be brought in any appropriate United States district court ... or in any other court of competent jurisdiction."

4) However, the instant complaint may not appropriately be brought in a United States district court because the instant complaint does not allege the particular type of injury required by Article III of the U.S. Constitution. *George v. Credit Corporation*, 22 cv 5512 (E.D.N.Y. August 24, 2023) (holding that, "[b]ecause Plaintiff has not alleged a concrete injury, she lacks Article III standing to sue in federal court, [the United States district c]ourt lacks subject matter jurisdiction … and [the district court] must remand the case" back to a New York State Court) (denying Plaintiff's motion for attorney fees for litigating remand/removal only because "standing jurisprudence in this District and the Second Circuit [wa]s still evolving" at that time) (citations omitted).

5) Nevertheless, the New York Constitution, Article VI, Section 7a. states that the "supreme court shall have general original jurisdiction in law and equity." Thus, this Honorable Court does have Constitutional and statutory jurisdiction over this action.

### Venue.

6) CPLR § 503(a) states that "the place of trial shall be" "in any county designated by the plaintiff" "if none of the parties then reside in the state;" and CPLR § 503(c) states that "a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located." In the instant case, this Court is the proper venue because Kings County is designated by Plaintiff Ms. Salgado and because none of the parties reside in this state, as Ms. Salgado does not reside in this state and the Defendants are foreign companies with principal offices that are located outside of this state.

## Parties.

7) Plaintiff Ms. Salgado is a natural person and, thus, is a "consumer" as that term is defined in the F.C.R.A., at 15 U.S.C. § 1681a(c).

8) Defendant Capital One, N.A. is a Corporation and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any ... entity ") and, hence, Defendant Capital One was required to "conduct an investigation with respect to the disputed information" pursuant to 15 U.S.C § 1681s-2(b)(1)(A).

9) Defendant Equifax regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

10) Defendant Experian regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

11) Defendant TransUnion regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

## Factual Allegations.

### Defendant Furnisher Capital One and Defendant CRAs Equifax, Experian, and TransUnion.

12) Eight years ago in 2016, Ms. Salgado made a cash payment to partially pay for an automobile, and Ms. Salgado financed the remainder of that purchase by obtaining a loan from Capital One and by granting a security interest in the auto to Capital One.

13) However, Ms. Salgado struggled to pay back her loan to Capital One and her payments had become delinquent by May 2019. Thus, in August 2020, Ms. Salgado voluntarily surrendered the security (the automobile) to Capital One and she did not make any further payments to Capital One. After Capital One sold the automobile, the sale proceeds reduced Capital One's loss to less than $ 8,000.

14) That Ms. Salgado owed a debt, that her payments had been delinquency, and that Capital One experienced a write-off was properly reported by Capital One to Equifax, Experian, and TransUnion. However, Capital One inaccurately reported to Equifax that Ms. Salgado's loan payment's first delinquency had not occurred until July 2019. Thus, Capital One inaccurately conveyed that Ms. Salgado's payments had became delinquent more recently than they actually had and, hence, Capital One caused Ms. Salgado's credit score to improperly further decrease. *See, e.g., In re Anzaldo*, 612 B.R. 205, 212 (Bankr. S.D. Cal. 2020) ("reporting newer negative late payment information would lower the consumer's credit score"); *Toliver v. Experian*, 973 F. Supp. 2d 707, 722, FN78 (S.D. Tex. 2013) ("a more recent date in this entry will have a greater negative impact on a consumer's credit score").

15) Capital One also inaccurately reported to Experian that Ms. Salgado's loan write-off amount is $12,857 and, thus, Capital One inaccurately conveyed that Ms. Salgado caused a greater loss than she actually did.

16) In addition, Capital One inaccurately reported to Experian and to TransUnion that Ms. Salgado made her last payment in September 2020.

17) Capital One's inaccurate reporting about Ms. Salgado was parroted in Equifax, Experian, and TransUnion's consumer reports on Ms. Salgado.

18) "Even a seemingly minor inaccuracy in a credit report can lead to a consumer being denied a loan, housing, or job." Seth Frotman, *Credit reporting companies and furnishers have obligations to assure accuracy in reports*, Consumer Financial Protection Bureau (May 6, 2022), available at https://www.consumerfinance.gov/about-us/blog/credit-reporting-companies-and-furnishers-have-obligations-to-assure-accuracy-in-consumer-reports/ . Thus, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy." 15 U.S. Code § 1681e(b) (emphasis added). Hence, Ms. Salgado repeatedly submitted disputes of Capital One's inaccurate reporting to Equifax, Experian, and TransUnion.

19) In Ms. Salgado's repeated disputes to Equifax, Ms. Salgado repeatedly explained that Capital One and Equifax's "reported Date of First Delinquency of Jul 2019 is inaccurate because the Date of First Delinquency was actually before Jul 2019 and [this] reported Date of First Delinquency of Jul 2019 is directly contradicted by this same report and same tradeline Payment History for Jul 2019, which establishes that th[is] account was 60 Days Past Due in Jul 2019."

20) Also, in Ms. Salgado's repeated disputes to Experian, Ms. Salgado repeatedly explained that Capital One and Experian "reporting a write-off amount of $12,857 is inaccurate because the write off amount is less than $12,857."

21) In addition, in Ms. Salgado's repeated disputes to Experian and TransUnion, Ms. Salgado further repeatedly explained that Capital One, Experian, and TransUnion "reporting a Last Payment Date of Sep 25, 2020 is inaccurate because Erica Salgado's Last Payment Date was actually before Sep 25, 2020."

22) Moreover, in Ms. Salgado's repeated disputes to Equifax, Experian, and TransUnion, Ms. Salgado listed her telephone number and email address and she repeatedly requested Capital One, Equifax, Experian, and TransUnion to contact her to investigate her dispute.

23) Upon information and belief, Equifax, Experian, and TransUnion forwarded Ms. Salgado's repeated disputes to Capital One, and Capital One received Ms. Salgado's repeated disputes.

24) However, Defendants Capital One, Equifax, Experian, and TransUnion repeatedly failed to contact Ms. Salgado to investigate her repeated disputes; Defendants Capital One, Equifax, Experian, and TransUnion repeatedly failed to reasonably investigate or re-investigate their own inaccurately reported information or inaccurate reports; and Defendant Capital One continues to report that inaccurate information to Defendants Equifax, Experian, and TransUnion, which continue to include that same inaccurate information on their consumer reports for Ms. Salgado.

25) Also, although Ms. Salgado's disputes repeatedly protested that the Capital One "account still is in dispute," Defendant Capital One repeatedly failed to comply with its statutory obligations by repeatedly failing to report that Defendant Capital One's reported information about Ms. Salgado is still disputed by her.

26) Defendant Capital One's "decision to report the debt but not the dispute resulted in a much lower credit score" because "when a furnisher responds to a [credit reporting agency's] dispute verification form and relates an ongoing dispute, [the credit reporting agency] records the dispute in the credit report and does not include the derogatory information in assessing the credit score." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 146 – 150 (4th Cir. 2008). "Put simply, the failure to inform a credit reporting agency that the debtor disputed his or his debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio Recovery*, 889 F.3d 337, 349 (7th Cir. 2018).

27) In addition, the FCRA, at Section 1681i(c), specifically provides that "[w]henever a statement of a dispute is filed … the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed;" and a consumer reporting agency's "[f]ailure to comply with § 1681i(c) is an independent basis for liability," *Chaitoff v. Experian*, 79 F.4th 800, 808 (7th Cir. 2023). Nevertheless, Defendants Equifax, Experian, and TransUnion repeatedly failed to note that Capital One's reported information about Ms. Salgado is still disputed by her.

Furnisher Sunrise Credit and Defendant CRAs Equifax, Experian, and TransUnion.

28) Years ago, after Ms. Salgado had opened an AT&T account, she paid the balance and closed the account. Nevertheless, on January 3, 2023, AT&T assigned Ms. Salgado's account to third-party debt collector Sunrise Credit and AT&T inaccurately asserted to Sunrise Credit that Ms. Salgado's account balance was $623.

29) Sunrise Credit attempted to collect on Ms. Salgado's account by reporting her account to CRAs Equifax, Experian, and TransUnion.

30) Although Sunrise Credit accurately reported to Equifax an account "Date Assigned" of January 3, 2024, Sunrise Credit inaccurately reported to Experian and TransUnion an account "Date Opened" of January 3, 2024. Sunrise Credit also inaccurately reported to Equifax, Experian, and TransUnion an "unpaid" "amount" or "past due" amount of $623.

31) Sunrise Credit's inaccurate reporting about Ms. Salgado was parroted in Equifax, Experian, and TransUnion's consumer reports on Ms. Salgado. Thus, Ms. Salgado repeatedly submitted disputes of Sunrise Credit's inaccurate reporting to Equifax, Experian, and TransUnion.

32) In Ms. Salgado's repeated disputes to Experian and TransUnion, Ms. Salgado specifically explained that Sunrise Credit, Experian, and TransUnion's "reported date opened of Jan 03, 2024 is inaccurate because Erica Salgado never opened an account with Sunrise Credit and she opened her account with AT&T before Jan 03, 2024, regardless of when Sunrise Credit opened its file on this account."

33) In Ms. Salgado's repeated disputes to Equifax, Experian and TransUnion, Ms. Salgado also specifically explained that Sunrise Credit, Equifax, Experian, and TransUnion's reported unpaid amount and past due amount "are inaccurate because Erica Salgado paid this account before she closed it."

34) In addition, in Ms. Salgado's repeated disputes to Equifax, Experian, and TransUnion, Ms. Salgado listed her telephone number and email address and she repeatedly requested Sunrise Credit, Equifax, Experian, and TransUnion to contact her to investigate her dispute.

35) However, Defendants Equifax, Experian, and TransUnion repeatedly failed to contact Ms. Salgado to investigate her repeated disputes; Defendants Equifax, Experian, and TransUnion repeatedly failed to reasonably re-investigate their own inaccurate reports; and Defendants Equifax, Experian, and TransUnion continue to include Sunrise Credit's inaccurate information on their consumer reports for Ms. Salgado.

## Causes of Action.

### Count One – As to Defendant Capital One's Failure to Reasonably Investigate.

36)   The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

37)   Defendant Capital One negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct reasonable investigations with respect to information about Ms. Salgado that Defendant Capital One itself is reporting to a consumer reporting agency.

### Count Two – As to Defendant Capital One's Failure to Notate Ms. Salgado's Dispute.

38)   The Fair Credit Reporting Act's Subsection 1681s-2(b)(1)(D) states that, "[a]fter receiving notice [ ] of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete [ ], report those results." Thus, "[i]f a consumer disputes the accuracy of credit information, the FCRA [at Subsection 1681s-2(b)(1)(D)] requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1162 (9th Cir. 2009). Hence, "after receiving notice of dispute, a furnisher's decision to

continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)." *Id.* (citing *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 150 (4th Cir. 2008)).

39) Defendant Capital One negligently or willfully violated Subsection 1681s-2(b)(1)(D) by negligently or willfully reporting its information about Ms. Salgado to a consumer reporting agency without notating that Ms. Salgado is still disputing that information.

<u>Count Three – As to Defendant Equifax's Failure to Reasonably Reinvestigate.</u>

40) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

41) Defendant Equifax negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into information regarding Ms. Salgado that is being reported by Capital One and Sunrise Credit.

<u>Count Four – As to Defendant Equifax's Failure to Note Dispute.</u>

42) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(c), states that "[w]henever a statement of a dispute is filed … the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed;" and a consumer reporting agency's "[f]ailure to comply with § 1681i(c) is an independent basis for liability," *Chaitoff v. Experian*, 79 F.4th 800, 808 (7th Cir. 2023).

43) Defendant Equifax negligently or willfully violated Subsection 1681i(c) by negligently or willfully failing to note that Ms. Salgado is still disputing information reported by Capital One.

### Count Five – As to Defendant Experian's Failure to Reasonably Reinvestigate.

44) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

45) Defendant Experian negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into information regarding Ms. Salgado that is being reported by Capital One and Sunrise Credit.

### Count Six – As to Defendant Experian's Failure to Note Dispute.

46) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(c), states that "[w]henever a statement of a dispute is filed … the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed;" and a consumer reporting agency's "[f]ailure to comply with § 1681i(c) is an independent basis for liability," *Chaitoff v. Experian*, 79 F.4th 800, 808 (7th Cir. 2023).

47) Defendant Experian negligently or willfully violated Subsection 1681i(c) by negligently or willfully failing to note that Ms. Salgado is sitll disputing information reported by Capital One.

<u>Count Seven – As to Defendant TransUnion's Failure to Reasonably Reinvestigate.</u>

48) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

49) Defendant TransUnion negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into information regarding Ms. Salgado that is being reported by Capital One and Sunrise Credit.

<u>Count Eight – As to Defendant TransUnion's Failure to Note Dispute.</u>

50) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(c), states that "[w]henever a statement of a dispute is filed … the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed;" and a consumer reporting agency's "[f]ailure to comply with § 1681i(c) is an independent basis for liability," *Chaitoff v. TransUnion*, 79 F.4th 800, 808 (7th Cir. 2023).

51) Defendant TransUnion negligently or willfully violated Subsection 1681i(c) by negligently or willfully failing to note that Ms. Salgado is still disputing information reported by Capital One.

## Prayer for Relief.

WHEREFORE, Plaintiff Erica Salgado respectfully prays that this Honorable Court will hold a trial by jury and that this Court will enter judgment in her favor (and against the Defendants) for her statutory damages, her reasonable attorney's fees and costs, and for punitive damages.

Respectfully submitted,
Plaintiff Erica Salgado's Counsel
Paúl Camarena
*/s/ Paúl Camarena*
Paúl Camarena, Esq.
26 Court St., No. 409
Brooklyn, NY 11242
(312) 493-7494
paulcamarena@paulcamarena.com
NY Atty No: 3991981

10270663.1.1-17

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

Attorney P. Camarena
210 S Patrick
Alexandria VA 22314

0010270663000011
Capital One, N.A.
c/o registered agent
Corporation Serivice Company
100 Shockoe Slip Fl 2
Richmond VA 23219
USA

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM



960964052  21 HBD6NF4 23219